**UNITED STATES of America,**

v.

**Francisco PACHECO, Defendant.**

**No. 95 CRIM 619 LAK.**

United States District Court,
S.D. New York.

May 1, 2001.

**ORDER**

KAPLAN, District Judge.

On April 12, 2001, the Court directed the government to respond to a request by the defendant for the return of documents seized from him by agents of the DEA on the date of his arrest. The government has responded that it has defendant's Colombian passport, but that the balance of the request—which refers to "personal identification papers"—is too vague to permit a response. As far as the passport is concerned, the government advises that:

- "DEA policy requires that the passport of a citizen of Colombia be turned over to the District Director of the INS in New York, and not to the defendant," and

- A DEA agent "is in the process of facilitating the paperwork for the transfer of Pacheco's passport, which will be forwarded to the INS Office in Pittsburgh, Pennsylvania."

With all due respect to the Assistant United States Attorney, this is not a sufficient response to the Court's order.

First, the passport admittedly was seized from the defendant at the time of his arrest. Vague statements about "DEA policy" fall considerably short of a legally sufficient reason for denying defendant's application that his passport be returned to him at or prior to the date of his forthcoming deportation. Parenthetically, the Court fails to see why, if the DEA policy requires that the passport be turned over to the INS in New York, someone is expediting the paperwork to send it to Pittsburgh.

Second, the Court finds nothing vague about the phrase "personal identification papers." The DEA either has other personal identification papers of the defendant or it doesn't. It shall forthwith provide a proper response.

Absent a satisfactory response from the government by May 10, 2001, the Court will direct the return of the passport and such other personal identification papers of the defendant as it may possess.

SO ORDERED.